May it please the Court, my name is Kathleen Kahn and I represent Petitioner Jose Crisanto Gonzalez-Cervantes. I intend to reserve two minutes for rebuttal. Let me just, I'm sorry, I'm going to pause you just for a second to tell you you need to watch your time. I'll try to prompt you, but everybody here is responsible for their time. Please go ahead. The issue before the Court is whether the misdemeanor sexual battery statute to which Petitioner pled no contest categorically involves moral turpitude. To answer that question, this Court uses a one-case approach. If Petitioner can show one case where California has applied the statute to conduct that does not involve moral turpitude under the federal definition, he prevails under the categorical approach. Petitioner has presented the Court with not only one such case, but three. Petitioner submitted the most recent case, Henry Carlos C., by filing a Rule 28J letter on November 14. Excuse me, Counsel, since your time is limited, it seems to me that all the cases cited involve conduct that falls outside of the generic federal definition of moral turpitude when in each of the defendant actually harmed the victim by touching her intimate parts. Isn't that true? Well, there's no actual injury requirement under this statute. There's no actual physical There are certain specific intent crimes like battery, for example, that do involve an offensive touching, but that they're not crimes involving moral turpitude. The statute is essentially a simple battery statute with the additional element that it involves an intimate part, which California has interpreted as a finger touching another person's bottom, and also that there is this opposite gender involved to make it fall within the expansive sexual abuse definition under California law. So there is some sort of emotional injury potentially involved, but there's no actual physical injury requirement under the statute. All right, thank you. So the trio of California cases demonstrate that the misdemeanor sexual battery includes conduct that is not morally turpitudinous. This Court has ruled that statutory rape, domestic battery, domestic violence, and indecent exposure are not crimes involving moral turpitude. While at first blush, these acts may seem to involve moral turpitude, the Court has recognized that California has applied these statutes to acts that are not grave or base or depraved. The same is true here. The trio of California cases demonstrates that the misdemeanor sexual battery includes conduct that is not morally turpitudinous. It does not shock the public conscience. But doesn't the specific intent requirement here, I mean, affect your position and your argument? It seems like your argument that California courts have interpreted the term sexual abuse to be synonymous with simple assault. I mean, is that your argument? No, we acknowledge that this is essentially assault plus. There is this additional element. But what we argue is that the plus can be as minor as touching another person's bottom. And the way that it's been interpreted is not a crime of moral turpitude. Well, but section 243.4E1 has a specific intent element to it, correct? Correct. All right. Yes, and but the fact that there's a specific intent element does not necessarily make it a crime involving moral turpitude. Well, why isn't this more like, why isn't sexual battery more like sex-related crimes like rape, incest, solicitation, and prostitution, and knowing possession of child pornography, that this court has found to be categorically crimes involving moral turpitude? Well, it's because of the way California has interpreted the statute. Obviously, there is a spectrum of cases. On one end, there would be murder and rape and crimes that have been found to be categorical, categorically involving moral turpitude. And on the other end of the spectrum, there are some crimes that have a sexual aspect, a sexual component, such as statutory rape or indecent exposure that are not categorically involving moral turpitude. The way California has applied the misdemeanor sexual battery statute, it's far more towards the end of the cases that this court has not found to involve moral turpitude. Schoolyard touching that is, you know, certainly in California, it's within the legislature's prerogative to criminalize that, make it a misdemeanor, but it doesn't shock the public conscience. It's not grave or base or vile or depraved behavior. It's just been read so expansively such that it can't qualify. So what's your strongest case for your argument that this section is categorically overbroad? We believe In Re A B is the case that we would turn to there. It involved a student who touched another child's bottom, basically with the finger. In that case, it shows that there's no intent to cause actual injury, actual physical injury, and it's been read quite expansively such that it's not a depraved act. It's an immature act, as the courts establish, but it's not necessarily something that's a depraved or vile act. It has been read expansively to criminalize any kind of touching, essentially. It's essentially a battery statute, but there's an intimate part involved, which is something as simple as touching of the bottom. Did In Re A B say anything about the mens rea requirement? Well, there is the specific intent to insult or embarrass the defendant. But for example, in Nicanor Romero, the court says that a crime with trivial consequences does not necessarily involve moral turpitude just because the defendant acts with criminal intent. So just the fact that there's specific intent involved does not prevent this court from finding that sexual misdemeanor, sexual battery statute is not a crime involving moral turpitude as applied by the California courts. Well, I'm having trouble with your argument there regarding specific intent because it appears, I mean, simple battery, general intent, correct? I mean, just regular simple battery requires only general intent. All right. Yes. But what you have here with this crime, in contrast, to be guilty of it, an individual must touch, it seems like, without consent, right? Yes. That's part of the statute. Okay. Another's intimate parts, correct? Okay. With the specific intent to insult, humiliate, or intimidate the victim, right? Correct. All right. And doesn't this require or invoke a psychological damage to another person? Well, that is one of the possible injuries of the statute. There's an emotional injury that is certainly something that can happen from the statute. But the mere fact of specific intent, as applied by California courts for this statute, doesn't necessarily mean it's a crime involving moral turpitude. Well, but it seems like, I think it's Henry Shannon or People v. Tillis says that sexual abuse occurs when sexual mistreatment is intended to cause psychological pain or injury. And it seems like the specific intent to psychologically damage another person by touching their most private parts seems to evidence a certain malicious or evil or, you know, moral turpitude, I guess. No? No. We don't think that the way the California courts have read it has required psychological damage. Certainly, some of the conduct that is under this statute will involve moral turpitude, but that doesn't prevent the court from finding this not a crime categorically involving moral turpitude. In re A, B, the court just noted that the intent to insult someone can result in a conviction under this statute. Doesn't mean that there's necessarily intense psychological harm flowing from the touching. Just means that there was this intent to insult a person. In re Carlos C, the most recent case we submitted to the court, the individual involved, the perpetrator, said that there was no intent on his part whatsoever to embarrass or insult. He was just doing it because his friends told him to, and the court found that nearly because he ran away laughing, they could infer that there was some sort of intent to embarrass or insult. So based on the cases that we've submitted to the court, there's no requirement that psychological damage emanates from the touching. Did you have another question? Go ahead. I would just say that, you know, the fact that there's intent, that there's this requirement, doesn't necessarily mean that it's not, that it is a crime involving moral turpitude. I would look to Navarro Lopez, for example. It's a specific intent crime, but the conduct underlying the conviction does not necessarily involve moral turpitude. So just looking from a policy perspective, clearly Congress meant something by the phrase moral turpitude, crimes involving moral turpitude. It did not intend every act to qualify as a the cases that we've presented to the court are certainly misdemeanor convictions, but they're not moral turpitude. They just don't qualify under the federal definition. How about the Nunez case? So how about, I'm sorry. The Nunez case, doesn't it support that the specific intent element almost always involves intent to harm someone? And it seems like when you're reading Nunez, it seems to imply that sexual crime is morally turpitudous when you read throughout the opinion and that the specific intent to cause harm is critical to this analysis. And I think it said it almost always involves the intent to harm someone. And I'm trying to reconcile that with what you're saying, that it doesn't involve that kind of harm. Well, you have to look at all of the aspects that are involved under the particular statute. So merely the fact that there is some sort of intent to harm in the sense that there's an intent to embarrass or insult, that doesn't necessarily make it a crime involving moral turpitude. You know, exposed himself. How about you're characterizing as an insult, but how about it also can be characterized as psychological harm? Can it? That is one thing that could be criminalized under the statute, but there is not a requirement for it to be psychological harm necessarily. You know, the person who is touched could just be a little bit insulted and not have the that there is psychological harm from the touching. I would also note that under the modified categorical approach, as we note in our reply brief on footnote five on page 14, the modified categorical approach is not appropriate here. The BIA has already ruled in this case that the modified categorical approach cannot be used here because there's insufficient evidence in the record to determine the facts surrounding the The BIA specifically noted that the record does not contain a transcript of the plea agreement or petitioner's plea colloquy that it would allow the court to have any facts surrounding conviction. Essentially, the petitioner only pled no contest to the particular elements of the statute. There's no element of minority and there's just not sufficient evidence the record that we could make any sort of determination that there was a crime involving moral turpitude under the modified categorical approach. If there are no further questions, I'll reserve the remainder of my time. Thank you. Good morning, your honors. Good morning. May it please the court, Andrew Nsinga for the attorney general. In this case, the board of immigration appeals reasonably interpreted the INA to conclude the petitioner's four separate convictions for sexual battery constitute a crimes involving moral turpitude. The board reasonably then determined that all of that conduct was necessarily base or vile or depraved and contrary to accepted standards of morality. Counsel, then let me ask you, what if the only harm involved is emotional? According to Shanna, your honor, physical harm is not required. That's the California court's decision. What about the embarrassment enough? Yes, your honor. Yes. Embarrassment means it's morally turpitude. A specific intent to under California law, a specific intense crime. It is required to that the abuse, the touching of the specific intent to insult somebody. So the intent to insult is morally turpitude. Is that your position? No, your honor. Not alone. I think we need to make sure we're not looking at this in individual parts. Well, wait a minute. Wait a minute. Under the categorical approach, we just have to find that the state courts have applied this in one instance in that kind of setting, right? Petitioner must demonstrate that realistic probability. Didn't your opponent cite two or three cases like that? Like Enrique Carlos, whatever it is. What was the, what was the injury there? Well, your honor. The intent to do what? The intent in that case was to insult. It was to embarrass and humiliate this young woman. Intent to insult or embarrass. I mean, that's morally, morally turpitude. And this is a matter of law. The government's position, your honor, is not individually. The board did not say in that individual element was sufficient. No, but we have a case that says that's all you need. I'm sorry. Under state law, right? Under state law, no, your honor. The Carlos said you have to touch against the victim's consent. I mean, we need to remember all these aspects. With the specific intent to embarrass or humiliate while touching an intimate part of the body. And that intimate part of the body is statutorily defined to include sexual organ, groin. And so it's your position that that is categorically morally turpitudinous. The agency made that determination when interpreting the INA. And although the court refused that question de novo, your honor, the court should defer to the agency's interpretation of what is the quintessential example of an ambiguous term. So yes, your honor, when, when the agency looked at this in the aggregate, the touching against the victim's body for the specific intent for sexual abuse, sexual arousal, or sexual gratification. Now, petitioner does not. There are none of those in these cases. There's not arousal, gratification, abuse. It's, you know, it's a, it's like a literally a middle school prank. Is that what it amounts to? With all due respect, your honor, I think that sort of notion of it minimizes the conduct at hand. Not minimize it. That's the reality of it. No, your honor. The, for example, Carlos, which is Carlos is the one in which the young man slapped a young woman in her groin area at school and run away, ran away laughing. That behavior, particularly given that we, the state courts look at the context of the behavior that's in school where a young man goes up and hits a woman in her groin area and runs away laughing with his friends. I, with the government's position is your honor, yes, that is morally turpitunist. Now, I think there's some, uh, concerns about also about Carlos and A.B. and I, I think they're important to note. For example, petitioner's 28 J letter says the young man in that case was convicted. That's not correct. The young man was made a ward of the state under the California welfare code. What, the reason I want to note that is your honor, is that for federal purposes, for federal immigration purposes, that's not a conviction. The board of immigration appeals has consistently recognized such status violations would not be a conviction. So the extent, the argument is, well, here's this young man who in their mind, boys will be boys. Um, I think it's important to remember that those particular young men would not likely be removable for their non-crimes because they were not convicted for federal purposes. But turning, uh, you know, petitioner emphasizes, for example, well, these were young people and they, they, one young man was encouraged to do it. Well, he, he caved to peer pressure to hit a woman in her genital area. Well, petty theft is a category, is categorically a crime involving moral turpitude. If you're convicted of petty theft, he were, if this young man were to have walked into the corner market and several times stolen items, uh, and his friends had told him, Hey, you should do this. If he was convicted under California law, he would be movable categorically. It does not matter if you're 12, it does not matter if you're 40, it does not matter if you're 80, you simply cannot do that behavior. Similarly, whether, if you go up to a young woman and say Carlos and hit her in the groin area and run away laughing with your friends, uh, that's simply is contrary to accepted standards of morality. Particularly, it's, um, I would further say that A, B and Shannon simply lend no support whatsoever. Although petitioner simply focuses on the actus reus, the touching of a butt. And A, B, well, uh, he did other things. He, he called her, excuse my language, your honor. He called her a bitch. She implied having sex with her mother. He spit on her. There's a fight. All that behavior was necessary for the court to understand the men's ray aspect, the specific intent requirement, uh, that judge Tashima has, has, uh, and I've discussed. Ultimately, we have to look at not just the specific intent requirement though. We also have a lack of consent in Quintero Salazar, which was a statutory rape case. The court said lack of consent is indicative of, uh, a crime involving moral turpitude. If you do something contrary to your victim's consent. Likewise, if you touch an intimate part of the body, it's not a mere battery. Petitioner hems and haws about whether this is mere battery or not. It's clearly not. This is battery plus touching of a specific part, plus against the victim's consent, plus for the specific intent to, if we're going to boil down to the weakest possibility, embarrass or humiliate this young woman. Well, how do you distinguish the case of uh, the petitioner relies on these cases serves to sort of argue that somehow the sexual aspect, well, that's, that wasn't enough. Nicanor Romero, uh, also Guida Nunez in those sorts of cases, they weren't concerned merely about sexual contact. What they're concerned in those cases was the statute was incredibly broad. For example, so the statute in Nicanor Romero was you could touch someone on the shoulder and merely if the victim were subjectively insulted, that was sufficient. That's clearly not enough, Your Honor. This, uh, statute has very clear requirements. There is no possibility it could be touching on the shoulder or anything like that. It has to be for on a specific part, a part that simply, uh, American society says you may not touch those body parts of another individual against their consent, particularly for the specific purpose. So the concern, the raising of, uh, Quintero Salazar with statutory rape or Nicanor Romero with the just touching. This, those courts, as I said, were involved, a concern with how broad it reached. And that's simply not the case here. For example, the other case dealt with indecent exposure. Well, at first blush, yeah, if you just say indecent exposure, but the reality of it is when the court looked at that statute, that covered a broad variety of conduct, which included, uh, nude dancing, uh, nude dancing, which under some possibilities is protected by the First Amendment. There is no suggestion that touching another one, another individual's intimate parts against their consent for specific purposes, sexual abuse, arousal, gratification, that's not constitutionally protected. That's not appropriate. It's not legal in any jurisdiction petitioner can cite to. And that's one for the point that I think is, uh, can be drawn from Quintero Salazar's framework, your honor. Quintero Salazar talks about malum in se versus malum prohibitum. And one aspect they discuss is do the states, uh, make the, that conduct, uh, illegal, always illegal. So in Quintero Salazar, the statutory rape said, well, some of this behavior would be actually be legal, would be legal in other states. It also would be legal in California. The statutory rape would be legal if the, uh, so-called victim and, uh, defendant were married. So the court look and said, well, that includes behavior that is not malum in se. But here petitioner can point to no jurisdiction, state, federal, and one would hope international where you may go up to another individual and touch their intimate body parts without their consent for the specific question. It's not whether you can do it. The question is whether it's a morally turpitudinous crime. No one said that, you know, it's a, it's a meritorious act. No one's making that argument or no one says it shouldn't be a illegal. The question is, is it inherently morally turpitudinous? Yes, your honor. Of course, that of course is, is the, the question, but Quintero cells are focused on, is it, is this behavior in any level legal? Is there any way to interpret this behavior as legal as one aspect of interpreting whether or not that behavior is morally turpitudinous? In this case, all the government suggests your honor is there is no jurisdiction where that behavior would be appropriate, would be legal on any level. So it's appropriate, you know, to be drunk in public. Does that doesn't make it morally turpitudinous? Well, your honor, I think that the difficulty dealing with hypotheticals is what the Supreme Court mentioned when you solve arrest. I don't know how a statute you're doing. You're talking about, you know, every society outlaws this kind of conduct one way or another. That's not the question. The question is, is this a morally turpitudinous crime? Well, categorically, the court in Quintero cells are said this was an aspect of moral turpitudinous. The government's not suggesting that alone is the, the analysis the court should undertake. The analysis includes a broad variety of considerations. Your honor, of course, I want to be clear that I'm not suggesting that is a necessary or sufficient. They're, they're simply given the very broad nature of this term. There are no tests to say this is absolutely necessary or this is not. There is no, the courts and agency have said there is no actual injury requirement, but it may be indicative. There's no specific intent requirement to find a crime morally turpitudinous, but it may be, and it may not be. Well, your honor, I think it may not be. I mean, you're not making any, you know, convincing argument to me. I mean, the, the path you're following is just as well. Everybody says it's bad, so it must be morally turpitudinous. The government's position is broader than your honor. It's not merely that everyone says it's bad. It's that this conduct would always be legal in every jurisdiction. That's the, that's the same thing as saying everybody says it's bad. Well, it's all a lot in every jurisdiction. What's the difference between saying that and everybody says it's bad? Well, because this court has recognized that as aspect of turpitudinous, just as the court recognized lack of consent is an aspect of moral turpitudinous. It's not to suggest that lack of consent is a low... I don't understand that at all. I mean, why lack of consent is the indicium of like, you know, moral turpitudinous. Obviously, if there's consent, you know, no one worries about what consenting adults do, at least, right? And what kind of argument is that? Lack of consent, of course, you know, if there's a Well, I don't understand that argument at all. I can't say whether or not lack of consent would necessarily be a defense to every crime. I can't. And the Supreme Court says that the government's not required to answer all legally imaginative possibilities. Petitioner has the burden, as this court has said, to come forth with the realistic probability that this case would be applied outside of the conduct. They presented nothing in this court to suggest it's outside the conduct of touching against the victim's consent of an intimate body part, which is statutorily defined for a specific purpose of sexual abuse, gratification, or arousal. Their cases simply don't do that. At the end of the day, what we have is a touching of a sexual part. That is base or vile or depraved in contrary to accepted standards of morality. You simply do not get to go up to, in her example, in petitioner's examples, you simply do not get to go up to a young woman at school and touch her on the intimate parts and run away laughing. This is no boys will be boys sort of argument, Your Honor. That's simply not what is morally acceptable in our society. So we'd ask the court to deny the petition for review. In this case, he was convicted of two or more crimes. Yes, Your Honor. You keep mentioning one specific thing. Were the crimes the same? I can't say exactly what the underlying behavior was, Your Honor. All the convictions, the statutes of convictions, were the same. Each conviction was sexual battery. Yes, Your Honor. Thank you. Thank you. Thank you. And Ms. Kahn, you agree you have the burden here, correct? Yes, we agree we have the burden and petitioner has met his burden. We're not presenting the court with hypotheticals. We present the court with three cases where California has applied the statute to conduct that is not morally turpitudinous, where the intent to embarrass is enough and that does not meet the federal definition. That's California's prerogative to read their statute so broadly, but it's not moral turpitude. Enrique Carlos C. tells us what California thinks of its statute. The distinction between being convicted or a ward of the state doesn't have any meaning in terms of how California reads its statute and how it applies its statute. The fact that the conduct is illegal or not consensual doesn't have any bearing on whether or not it's moral turpitude. Statutory rape is categorically a crime involving moral turpitude. So we don't have to point to any other specific hypotheticals or anything along those lines because we've given the court the cases where moral turpitude, the federal definition is not met. Intent to embarrass is enough. Clearly there are crimes that are worse that this court has found do not meet the standards of moral domestic battery. They have the hallmarks, you would say, of moral turpitude when you hear the name, but when you actually look at how California applies the statute, it's not grave, it's not base, it's not depraved. We're not making any kind of sexist boys will be boys argument. The government apparently doesn't want to actually look at the specific cases that we're citing. They're basically arguing that because there's a sexual element to this statute, that it's inherently a crime involving moral turpitude. There's absolutely no such hard and fast rule, so we ask the court to look at the specific cases and how expansively California has applied this statute and find that there's not a crime involving moral turpitude. Thank you. The case is submitted. Thank you for your arguments.
judges: Nelson, Tashima, Murguia